FILED
CLERK OF COURT
2025 JUN -2 AM 10: 46
SUPERIOR COURT
OF GUAM



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **CRIMINAL CASE NO. CF0181-18**<br>GPD Report No. 18-08740 |
| vs. | **CRIMINAL CASE NO. CF0261-19**<br>GPD Report No. 19-11712 |
| **MICHAEL JOHN ANDERSON,**<br>DOB: 09/25/1966 | **DECISION & ORDER**<br>**RE. PEOPLE'S MOTION TO REVOKE**<br>**DEFENDANT'S PROBATION** |
| Defendant. | |

This matter came before the Honorable Alberto E. Tolentino on March 25, 2025, for a revocation hearing. Defendant Michael John Anderson ("Defendant") was present with counsel Attorney William Pole. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation.

\\

\\

\\

\\

# BACKGROUND

On April 12, 2018, the Defendant was charged via Indictment for the offenses of: (1) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony); and (2) OPERATING A VEHICLE WITHOUT PROOF OF REQUIRED REGISTRATION (As a Violation). *See* Indictment (Apr. 12, 2018).

## A. Defendant Anderson's Violations on Pre-Trial Release in CF0181-18

While on pre-trial release, the Probation Services Division ("Probation") filed four (4) violations against the Defendant. For the first violation, the report indicated that:

> 1. Defendant failed to refrain from possessing and consuming any illegal controlled substances. On May 11, 2018, the defendant was ordered to submit to a drug test at which time the test yielded presumptive positive results for Methamphetamine. The defendant denied any usage and decided to have his sample secured for confirmatory testing. In May 24, 2018, the Probation Office received the results which returned back positive for Methamphetamine. (Please see attached
>
> It is worth noting that this is the defendant's 1st positive drug test and 1st challenged test while on Pretrial Release.

1st Violation Report (May 24, 2018). A few days later, the People deemed the Defendant legally eligible to participate in the Adult Drug Court II Program ("ADCII"). *See* Ppl's Decl. (May 30, 2018). However, he was deemed clinically ineligible to participate in the program a month later. *See* Decl. (June 19, 2018).

For the second violation, the report indicated that the Defendant failed to report to the Probation Office three (3) times a week in person; his last reporting being on June 22, 2018. *See* 2nd Violation Report (July 17, 2018). Rather than issue a warrant, the court issued a Summons for the Defendant's appearance at his next court hearing on August 6, 2018. Because the Defendant failed to appear on this date, the court issued a bench warrant for the Defendant's arrest. *See* Bench Warrant (Aug. 7, 2018).

For the third violation, Probation reported the Defendant's failure to obey all the laws of Guam based on his new case CF0261-19. *See* 3rd Violation Report (May 6, 2019).[1] In CF0261-19, the Defendant was charged via Indictment for the following offenses: (1) BURGLARY (As a 2nd Degree Felony); (2) CONSPIRACY TO COMMIT BURGLARY (As a 2nd Degree Felony); (3) THEFT BY RECEIVING (As a 2nd Degree Felony); and (4) THEFT BY RECEIVING (As a Misdemeanor). *See* Indictment (May 10, 2019). Each felony offense carried with it the Notice of Commission of a Felony while on Felony Release. *Id.*

After the court granted the Defendant's release under conditions on July 24, 2019, Probation filed the Defendant's fourth violation. For the fourth violation, the report indicated that the Defendant failed to report to Probation three (3) times a week in person. *See* 4th Violation Report (Oct. 29, 2019).

**B. Defendant Anderson's Violations on Pre-Trial Release in CF0261-19**

Prior to the globalization of both of the Defendant's criminal matters, the Defendant received two (2) violations of probation while on pre-trial release for CF0261-19. The Defendant's first violation in this case was for his failure to report three (3) times a week in person. *See* 1st Violation Report (Oct. 28, 2019).[2] For the second violation, the Defendant again failed to report three (3) times a week in person. *See* 2nd Violation Report (Feb. 13, 2020).

After an updated clinical eligibility for ADCII was filed on December 4, 2019, finding the Defendant clinically eligible to participate in ADCII, he was also deemed legally eligible on June 3, 2020. Despite his eligibility, the Defendant entered his global, non-ADC plea for the following

---

[1] The 3rd Violation Report erroneously listed "CF 181-18" as the Defendant's new case that he was before Magistrate Judge Benjamin C. Sison on. The charges listed in this violation report are the charges listed within his Magistrate's Complaint for Criminal Case No. CF0261-19.

[2] It is noteworthy that this is the same violation that was filed as the Defendant's 4th Violation Report in CF0181-18 on the day prior.

offenses: POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) in CF0181-18; and THEFT BY RECEIVING (As a Misdemeaor) in CF0261-19.

### C. Defendant Anderson's Violations on Traditional Probationary Supervision

Upon entry of the Defendant's global plea of guilty for CF0181-18 and CF0261-19, Probation filed the same violations in both post-judgment cases against the Defendant. While on probation, the Defendant received eight (8) more violations. After Probation's attempts to contact the Defendant were unsuccessful, the Defendant received his first violation for failing to "report to the Probation Office three (3) times a week via telephone." 1st Violation Report (Oct. 15, 2020). For the second violation, the report stated the Defendant's:

> Failure to report for drug testing. On January 18, 2022, the Probationer was instructed to report to the Probation Office for drug testing. The Probationer called five minutes before his scheduled time and stated he was still at an appointment. The undersigned Probation Officer verified that the Probationer did not have an appointment.

2nd Violation Report (Jan. 20, 2022). For the third violation, the report indicated that the Defendant's:

> Failure to refrain from possessing/consuming illegal controlled substances. On February 23, 2022, the Probationer tested presumptive positive for methamphetamine but denied using any illegal controlled substances. The Probationer's sample was sent for confirmation testing on March 2, 2022, the Probation Office received confirmed positive results for methamphetamine in the Probationer's urine. This is the Probationer's first positive test and first challenged test since being placed on probation.

> There is an $80.00 fee associated with the confirmation test.

3rd Violation Report (Mar. 3, 2022). One week later, the Defendant received his fourth violation for failure to report to the Probation Office for drug testing and three (3) times a week in person. *See* 4th Violation Report (Mar. 11, 2022).

\\

For the fifth violation, the report indicated the following probationary conditions, which the Defendant violated:

1. Failure to refrain from possessing/consuming illegal controlled substances. On March 24, 2022, the Probationer reported for drug testing and was presumptive positive for methamphetamine. The Probationer admitted in writing via signed declaration to smoking "meth" on March 20, 2022. This is the Probationer's second positive drug test since being placed on probation.
2. Failure to perform and complete community service hours. There are 145 hours pending.
3. Failure to make payment towards fines and fees. The balance remains at $5,080.00.
4. Failure to submit proof of attendance or completion of self-help meetings. There are 24 meetings pending.

5th Violation Report (Mar. 25, 2022). For the sixth violation, Probation indicated the Defendant failed to report for drug testing as well as his three (3) times a week in person reporting as ordered. *See* 6th Violation Report (Apr. 4, 2022). In response to the Defendant's third through sixth violations, the court issued a warrant for his arrest on April 18, 2022. However, the warrant was not returned until June 9, 2023.

At his Return of Warrant hearing, the court sanctioned the Defendant forty-five (45) days at the Department of Corrections ("DOC") for the amount of time he absconded from the court's supervision. *See* Return of Warrant Hr'g Mins. at 4:03:52PM (June 14, 2023). For the seventh violation, the report indicated the Defendant's:

1. Failure to report to the Probation Office three (3) times a week in person. The Probationer last reported on August 4, 2023.
2. Failure to make payment towards court costs, fines, and fees totaling $5,160.00. No payments were made. The balance remains at $5,160.00.
3. Failure to attend and complete a drug rehabilitation program. The Probationer has yet to report to the Guam Behavioral Health and Wellness Center for intake.
4. Failure to submit proof of attendance or completion of self-help meetings. There are 24 meetings pending.
5. Failure to perform and complete community service hours. There are 145 hours pending.

7th Violation Report (Sept. 18, 2023).

The court subsequently issued a bench warrant for his arrest on September 25, 2023, which was returned on April 22, 2024. The People filed its Motion to Revoke the Defendant's Probation and Impose Jail Sentence ("Motion to Revoke") on May 2, 2024. In response, the Defendant filed his Objection to the Motion to Revoke on May 7, 2024, requesting treatment instead of further confinement at DOC. During his revocation hearing, the court held the Defendant's revocation in abeyance and released him. *See* Revocation Hr'g Mins. at 2:19:23PM (May 16, 2024). However, the Defendant received his eighth violation a few months later reporting his:

1) Failure to report to the Probation Office three (3) times a week and last reported on June 28, 2024 via telephone. At that time, the Undersigned Probation Officer reminded the Probationer that he should be reporting in person and was instructed to report the following Monday, but failed to do so.
2) Failure to report to Guam Behavioral Health and Wellness Center (GBHWC) for intake and assessment. Upon verification with New Beginnings, they have no record of the Probationer and confirmed that he has not completed intake at GBHWC.
3) Failure to attend/submit proof of attendance for twenty-four (24) self-help meetings; balance remains at twenty-four (24)
4) Failure to make payments towards court ordered fines and fees: balance remains at $5,160.00.
5) Failure to perform submit Community Service hours of one hundred and fifty (150); balance remains at one hundred and forty-five (145) hours.

8th Violation Report (Aug. 13, 2024). The court issued another bench warrant on September 11, 2024, after the Defendant failed to appear for a progress hearing. That warrant was returned on December 10, 2024. The court granted the Defendant's *Ex Parte* Motion to attend a funeral mass upon DOC's availability on March 6, 2025.

At the Defendant's revocation hearing on March 25, 2025, Probation informed the court that all his conditions were pending completion. *See* Revocation Hr'g Mins. at 2:18:03 – 22:45PM (Mar. 25, 2025). For his noncompliance, the People requested that the court revoke the Defendant's probation and sentence him to three (3) years of incarceration at DOC with credit for time served. *Id.* at 2:22:50 – 23:25PM. When asked about his lack of progress with his

probationary conditions, the Defendant was sorrowful and asked for another chance to complete the terms of his probation. *Id.* After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. *See* 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

**D. Defendant Anderson violated the conditions of his probation.**

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the

defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant had accumulated: four (4) pre-trial violations in CF0181-18; two (2) pre-trial violation in CF0261-19; and eight (8) post-judgment violations for both CF0181-18 and CF0261-19. The court can factually determine that all these violations actually occurred after reviewing the court's record of events. For instance, the court can factually determine that the Defendant failed to obey all the laws of Guam when he picked up his new matter (CF0261-19) based on the Indictment filed. Based on laboratory reports, the Defendant's signed declaration, and his admission in open court, the court can factually determine that the Defendant tested positive for methamphetamines. Based on the violation reports, Probation's testimony at the revocation hearing, and the court's record, the court finds that the Defendant violated multiple conditions of his probation on several occasions.

**B. Defendant Anderson's violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a person's violation of probation warrants revocation when

the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *See Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.* Unlike the probationer in *Camacho*, all conditions are pending the Defendant's completion.

During the revocation hearing, the People pointed out that the Defendant had essentially not completed any of his conditions of probation for both cases. *See* Revocation Hr'g Mins. at 2:22:50 – 23:25PM (Mar. 25, 2025). For that reason, the People sought the Defendant's revocation and imposition of the three-year sentence that the court could have originally imposed. *Id.* In order to change his life, the Defendant expressed his desire for one last chance from the court to complete the conditions of his probation. *Id.* at 2:26:15 – 27:40PM. It is noteworthy that the court received a letter from the former mayor of Santa Rita-Sumay, stating that he mistakenly failed to schedule the Defendant for community service hours after his request back in December 2024. *See* Def.'s Letter (Feb. 27, 2025).

Notwithstanding his failure to pay off his fine and complete community service hours, the substantial requirement imposed as a condition in *both* cases was the Defendant's completion of treatment: drug and/or alcohol treatment plus theft prevention program. When imposing treatment as a probationary condition, it is the court's hope for the Defendant to achieve sustained sobriety and provide the Defendant with the proper tools to deter their future criminal activity. Although the Defendant's last positive test for methamphetamines was confirmed on March 25, 2022, it

becomes difficult for the court to accurately track the Defendant's progress with treatment when, instead of drug testing the Defendant, it has to issue four (4) warrants for his arrest.

The court gave the Defendant multiple opportunities before considering revocation, such as releasing the Defendant from confinement to abide by the conditions of his probation. Despite waiting for the former mayor to schedule his community service hours, the court gave the Defendant the chance to complete treatment and bring down his community service hours at the same time. Specifically, the Defendant was ordered to "receive two (2) hours credit of community service for each hour of counseling he attends." Judgment (Feb. 14, 2022). However, the Defendant did not take advantage of this opportunity. Instead, the Defendant absconded from the court's supervision for months at a time, failed to report for drug testing, or contested drug test results when he was tested. While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete treatment programs provided to him.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). Based on the Defendant's performance on probation over the past four years, the court is not confident the Defendant will take advantage of a potential extension of probation to complete all his pending conditions. In Guam, DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to allow seek DOC's supervision and assistance of the Defendant on his path to recovery through the RSAT program.

## CONCLUSION

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public.

Therefore, the court **GRANTS** the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence. In doing so, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter and **SENTENCES** the Defendant to serve **THREE (3) YEARS** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order.

**SO ORDERED** this _____JUN 0 2 2025_____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, W-Pole

Date: 6/2/25  Time: 11:19am
Antonio of Cruz
Deputy Clerk, Superior Court of Guam